[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11887
Non-Argument Calendar

_____

Agency No. A088-088-303

MARCO ANTONIO MARROQUIN-GUTIERREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 1, 2021)

Before WILSON, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Marco Marroquin-Gutierrez ("Petitioner"), a native and citizen of Guatemala, petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied asylum and withholding of removal.[*] No reversible error has been shown; we deny the petition.

Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency decision. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005).

We review de novo the IJ's legal conclusions, including whether a proposed group qualifies as a "particular social group" under the Immigration and Nationality Act ("INA"). Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).

We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the [agency's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a

---

[*] The IJ also denied relief under the Convention Against Torture. We will not address this claim, however, because Petitioner raises no challenge to the denial of this form of relief on appeal. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

whole.'" Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Id. at 1027. To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). A "refugee" means a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1).

Petitioner sought asylum and withholding of removal based on his membership in a particular social group comprised of "self-employed vehicle owners recognized by the community [as] drivers who refused to cooperate with the gangs."

In 2012, Petitioner -- who had twelve years' prior experience as a city bus driver -- bought a car that he used as a taxi. In August 2012, some of Petitioner's childhood friends began routinely hiring Petitioner as a driver two or three times a

3

day.  After several months, Petitioner realized these friends were members of the MS-18 gang.  Petitioner testified that he was afraid of the gang and did not want to work for them.

Petitioner feared he would be killed if he refused expressly to drive for the gang.  So, instead, Petitioner made excuses for being unable to drive, including needing to care for his children.  In response, the gang members got upset and threatened to harm Petitioner and his family.  In April 2013, Petitioner removed the engine and the transmission from his car so he would be unable to drive; but the gang demanded repeatedly that the car be repaired and offered to pay for the repairs.  At that point, Petitioner locked himself inside his home where he hid for several months.  Petitioner then fled to the United States in January 2014.  When gang members came looking for Petitioner in Guatemala, Petitioner's wife told them Petitioner was imprisoned in El Salvador.  Petitioner fears the gang will kill him if he returns to Guatemala.

The IJ denied relief, concluding that Petitioner had failed to demonstrate sufficiently a nexus between his fear of future persecution and a statutorily protected ground.  The IJ determined that Petitioner's proposed particular social group was not cognizable under the INA.  Among other things, the IJ explained that the group was defined impermissibly by acts that led to persecution -- refusal

4

to cooperate with gangs -- and that neither driving ability nor vehicle ownership constituted fundamental immutable characteristics.  The BIA affirmed summarily the IJ's decision.

For purposes of the INA, a "particular social group" means a group of people who "share a common, immutable characteristic": a characteristic "that the members of a group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences."  Gonzalez, 820 F.3d at 404, 405.  The group "must also be defined with particularity and socially distinct within the society in question."  Id. at 404 (quotations omitted).

A "particular social group" may not be defined exclusively by evidence that the group's proposed members have been persecuted or face the risk of persecution.  See, e.g., Perez-Zenteno v. U.S. Att'y Gen., 913 F.3d 1301, 1310 (11th Cir. 2019) ("Mexican citizens targeted by criminal groups because they have been in the United States and have families in the United States" is not a cognizable "particular social group" under the INA "because its defining attribute is the risk of persecution stemming from being targeted by criminal groups."); Matter of M--E--V--G--, 26 I. & N. Dec. 227, 236 n.11 (BIA 2014) (recognizing as well-established "that the social group must exist independently of the fact of persecution"); Matter of W--G--R--, 26 I. & N. Dec. 208, 215 (BIA 2014) (same).

5

To satisfy the "on account of" or "nexus" requirement, Petitioner must show that his membership in the proposed particular social group was "at least one central reason" for his persecution.  See 8 U.S.C. § 1158(b)(1)(B)(i); Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148, 1158 (11th Cir. 2019).  "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."  Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

Petitioner has failed to establish membership in a "particular social group" that is cognizable under the INA.  First, the IJ determined reasonably that a defining attribute of Petitioner's proposed social group was that the group's members have refused to cooperate with -- and thus risk persecution by -- gangs.  A "particular social group," however, must exist independently of the alleged risk of future persecution.  See Perez-Zenteno, 913 F.3d at 1310.

Second, members of the proposed social group share no immutable characteristic.  The BIA has said, "the internationally accepted concept of a refugee simply does not guarantee an individual a right to work in the job of his choice."  See Matter of Acosta, 19 I. & N. Dec. 211, 234 (BIA 1985).  In Matter of Acosta, the BIA concluded that a proposed social group's defining characteristics -- "being

6

a taxi driver in San Salvador and refusing to participate in guerilla-sponsored work stoppages" -- were not immutable because the group members could avoid harm "either by changing jobs or by cooperating in work stoppages." Id. Petitioner's proposed social group fails for the same reasons identified in Matter of Acosta. The members of Petitioner's proposed group had the power to change jobs or to cooperate with the gangs to avoid persecution.

Because Petitioner has identified no cognizable particular social group, he cannot demonstrate a nexus between the perceived risk of persecution and a protected ground. Harm resulting from Petitioner's refusal to cooperate with the gang is insufficient by itself to satisfy the nexus requirement. See Ruiz, 440 F.3d at 1258.

Substantial evidence supports the IJ's decision that Petitioner was unentitled to asylum; the record and the law do not compel us to reverse that decision. Because Petitioner has not satisfied his burden of establishing eligibility for asylum, he is unable to demonstrate eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DENIED.

7